UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CLIVE CAMPBELL,

                Plaintiff,

-against-

NEW YORK CITY; N.Y.C. POLICE DEPARTMENT;
KINGS COUNTY FAMILY COURT; LAW
DEPARTMENT OF THE CITY OF NEW YORK;
LAURA SMITH, SUPERVISOR NEW YORK
CITY LAW DEPARTMENT; JOHN DOE #1,
POLICE OFFICER; JOHN DOE #2, POLICE
OFFICER; JOHN DOE #3, POLICE OFFICER;
JOHN DOE #4, POLICE OFFICER; JOHN DOE #5,
POLICE OFFICER; JOHN DOE #6, POLICE
SERGEANT,
                Defendants.
------------------------------------------------------------x

**ORDER OF PARTIAL DISMISSAL**
10-CV-5422 (CBA)

AMON, United States District Judge.:

Plaintiff Clive Campbell, filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons set forth below, plaintiff's complaint against defendants the New York Police Department, the New York State Family Court, Kings County, and the New York City Law Department is dismissed. Plaintiff's remaining claims will proceed.

## BACKGROUND

Plaintiff states that he has a sixteen year old daughter,

> who has committed several assaults upon fellow students and stolen from both students and teachers in her school... [Plaintiff's daughter] has been suspended approximately (5) times and arrested approximately (5) times and is well known by the Youth Division Police Officers of the 75th Precinct, the Truancy Officers of the Board of Education and the Suspension Officials at the Suspension School . . .

1

Complaint at ¶ 2. Plaintiff alleges that he has attempted to obtain a "PINS" (person in need of supervision) warrant for his daughter from Family Court, to no avail. Id. Moreover, plaintiff states that on September 8, 2010, his daughter,

> came to the house at 12:30 a.m. high on drugs and alcohol, while being assaulted by a young man who punched her in the face several times. Later that same day at approximately 1:30 p.m. plaintiff Clive Campbell was arrested for protecting himself from a violent attack by [his daughter] who gave everyone the impression that she was armed and who remains in State custody to date of this filing.

Complaint at ¶ 15. Plaintiff alleges that defendant Laura Smith, a supervisor at the New York City Law Department, allowed his daughter to "sign her name and [be] released without the authorization of her parent who was present in the [Family Court] building all day. Complaint at ¶ 14. He states that on September 8, 2010, his daughter assaulted him by throwing a liquor bottle, causing a severe gash on his left elbow, and by punching him in the eye. Complaint at ¶ 20. He states, however, that as a result of this incident he was arrested by unnamed police officers. Id. Plaintiff seeks monetary damages.

## STANDARD OF REVIEW

In reviewing the complaint, the Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint, or any portion of the complaint if

the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff cannot pursue a claim against the New York City Police Department and the New York City Law Department. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter Ch. 17 § 396; see also Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (New York City Police Department not a suable entity); Campbell v. New York City Police, No. 05 CV 2858, 2005 WL 1970954, at *1 (E.D.N.Y. Aug. 10, 2005) (the New York City Police Department is not a proper party under § 1983); Wingate v. City of New York, No. 08 CV. 217, 2008 WL 203313, at *2 (E.D.N.Y. Jan. 23, 2008) (police precinct is not a suable entity); Bogart v. New York City Law Dept., No. 00 CIV. 7417, 2001 WL 1631986, at *3 (S.D.N.Y. Dec. 20, 2001) (the Law Department is not a suable entity). Accordingly, all claims against the New York City Police Department and the New York City Law Department must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Moreover, plaintiff's claims against the defendant, Kings County Family Court, a court that is part of the New York State Unified Court System, must be dismissed because states and their agencies are protected by sovereign immunity as guaranteed by the Eleventh Amendment. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Generally, state governments and state agencies may not be sued in federal court unless they have waived their

3

Eleventh Amendment immunity or unless Congress has abrogated the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment. Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 236 (2d Cir. 2006); see also Board of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Accordingly, all claims against the Kings County Family Court must be dismissed. See Gollomp v. Spitzer, 568 F.3d 355, 368 (2d Cir. 2009) (the New York State Unified Court System is entitled to sovereign immunity as an arm of the State); Madden v. Vermont Supreme Court, 8 Fed. Appx. 128, 129 (2d Cir. 2001) (affirming dismissal of *pro se* plaintiff's claim against the Vermont state Supreme Court as barred by the Eleventh Amendment); Thomas v. Bailey, No. 10-CV-0051, 2010 WL 662416, at *1 (E.D.N.Y. Feb. 22, 2010) (finding Queens County Court an arm of the state and therefore immune under Eleventh Amendment).

## CONCLUSION

Accordingly, it is hereby:

ORDERED that plaintiff's claims against the New York Police Department, the New York State Family Court, Kings County, and the New York City Law Department are dismissed. See 28 U.S.C. § 1915(e)(2)(B). No summons shall issue as to these defendants, and it is further

ORDERED that a courtesy copy of the summons, complaint, and this order shall be served upon the Corporation Counsel for the City of New York, and it is further

ORDERED that in accordance with Valentin v. Dinkins, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Court hereby requests the Corporation Counsel of the City of New York to ascertain the full names of the police officers who were involved in the incident alleged by plaintiff to have taken place on September 8, 2010; the Corporation Counsel is also requested to provide the addresses where these individuals can currently be served; the government need not undertake to defend or indemnify these individuals at this juncture, and it is further

ORDERED that the Corporation Counsel of the City of New York is hereby requested to produce the information specified above regarding the identities of the individuals and addresses where the individuals can be served to the Court within forty-five (45) days from the date of this Order; once they have been identified, plaintiff's complaint shall be deemed amended to reflect the full names of these individuals as defendants, a summons shall issue and the Court shall direct service on the defendants; and it is further

ORDERED that the case is referred to United States Magistrate Judge Lois Bloom for all pretrial proceedings.

SO ORDERED.

/S/

CAROL B. AMON
United States District Judge

Dated: Brooklyn, New York
       December 21 2010

**Copy mailed to:**
Clive Campbell
23 Palm Court
Brooklyn, NY 11225